DEREK S. BENTSEN (Cal. Bar No. 232550)
Email: bentsend@sec.gov
GINA M. JOYCE (Cal. Bar No. 143233)
Email: joyceg@sec.gov
RYAN FARNEY
Email: farneyr@sec.gov
100 F Street, N.E.
Washington, D.C.   20549-5949
Telephone: (202) 551-6426 (Bentsen)
Facsimile:  (202) 772-9282 (Bentsen)

LOCAL COUNSEL:
GARY Y. LEUNG  (Cal. Bar No. 302928)
Email: leungg@sec.gov
Securities and Exchange Commission
444 S. Flower Street, Suite 900
Los Angeles, CA  90071
Telephone: (323) 965-3213
Facsimile: (213) 443-1904

Attorneys for the Plaintiff
SECURITIES AND EXCHANGE COMMISSION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>Curative Biosciences, Inc., et al.,<br><br>Defendants. | Case No.  18-cv-925-SVW-E<br><br>**CONSENT OF DEFENDANT STEVEN G. PATTON TO ENTRY OF FINAL JUDGMENT** |

1.     Defendant Steven G. Patton ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's

jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 11 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

  (a) permanently restrains and enjoins Defendant from violation of Section 5 of the Securities Act of 1933 [15 U.S.C. § 77e];

  (b) permanently bars defendant from participating in an offering of penny stock; and

  (c) orders Defendant to pay disgorgement in the amount of $33,203.95, plus prejudgment interest thereon in the amount of $5,407.95.

3. Defendant acknowledges that the Court is not imposing a civil penalty based on Defendant's cooperation in a Commission investigation and related enforcement action. Defendant consents that if at any time following the entry of the Final Judgment the Commission obtains information indicating that Defendant knowingly provided materially false or misleading information or materials to the Commission or in a related proceeding, the Commission may, at its sole discretion and without prior notice to the Defendant, petition the Court for an order requiring Defendant to pay a civil penalty. In connection with the Commission's motion for civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Judgment, this Consent, or any related Undertakings; (c) the allegations of the Complaint, solely for the purposes of such motion, shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and

documentary evidence without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. Under these circumstances, the parties may take discovery, including discovery from appropriate non-parties.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or

immunity from any such criminal liability.  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

      11.    Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of

exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of

such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: April 9, 2018

Steven G. Patton

On April 9, 2018, STEVEN G. PATTON, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.



Notary Public
Commission expires: DEC 29, 2018.

Approved as to form:

David Weichert, Esq.
115 Avenida Miramar
San Clemente, CA 92672
949-361-2822
Attorney for Defendant

SEC v. _____, et al., Case No.          6          Consent of Defendant Steven G. Patton

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION
100 F Street NE, Washington, DC 20549-5020
Telephone No. (202) 551-6426; Facsimile No. (202) 772-9282.

On June 12, 2018, I caused to be served the documents entitled **CONSENT OF DEFENDANT STEVEN G. PATTON TO ENTRY OF FINAL JUDGMENT** on all the parties to this action addressed as stated on the attached service list:

☒ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: June 12, 2017          /s/ Derek S. Bentsen
                              Derek S. Bentsen

*SEC v. Curative Biosciences, Inc., et al.*
United States District Court—Central District of California
Case No. 18-cv-925-SVW-E

# SERVICE LIST

Curative Biosciences, Inc.
c/o Registered Agents, Inc.
401 Ryland St., Ste 200-A
Reno, Nevada 89502

William G. Alverson
[ADDRESS REDACTED]
Juptier, FL 33478

Katherine West Alverson
[ADDRESS REDACTED]
Jupiter, FL 33478

Northeast Capital Group, LLC
c/o Agents and Corporations, Inc.
1201 N. Orange St., Suite 600
Wilmington, Delaware 19801

Panacea Holdings, Inc.
c/o Agents and Corporations, Inc.
1201 N. Orange St., Suite 600
Wilmington, Delaware 19801

David Weichert, Esq.
115 Avenida Miramar
San Clemente, CA 92672
**Counsel for Steven G. Patton**