# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA



FILED
CLERK, U.S. DISTRICT COURT

JUN 19 2018

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 18-cv-925-SVW-E |
| Plaintiff, | **[PROPOSED] FINAL JUDGMENT AS TO STEVEN G. PATTON** |
| vs. | |
| Curative Biosciences, Inc. f/k/a/ Healthient, Inc., William M. Alverson, Katherine West Alverson, and Steven G. Patton, | |
| Defendants, and | |
| Katherine West Alverson, Northeast Capital Group, LLC, and Panacea Holdings Inc. | |
| Relief Defendants. | |

The Securities and Exchange Commission having filed a First Amended Complaint and Defendant Steven G. Patton having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the First Amended Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VI); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

1      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as
2 provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also
3 binds the following who receive actual notice of this Final Judgment by personal
4 service or otherwise: (a) Defendant's officers, agents, servants, employees, and
5 attorneys; and (b) other persons in active concert or participation with Defendant or
6 with anyone described in (a).

                   II.

7

8      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that
9 Defendant is permanently barred from participating in an offering of penny stock,
10 including engaging in activities with a broker, dealer, or issuer for purposes of
11 issuing, trading, or inducing or attempting to induce the purchase or sale of any penny
12 stock. A penny stock is any equity security that has a price of less than five dollars,
13 except as provided in Rule 3a51-1 under the Securities Exchange Act of 1934 [17
14 C.F.R. 240.3a51-1].

                  III.

15

16      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant
17 is liable for disgorgement of $33,203.95, representing profits gained as a result of the
18 conduct alleged in the Complaint, together with prejudgment interest thereon in the
19 amount of $5,407.95. Defendant shall satisfy this obligation by paying $38,611.90 to
20 the Securities and Exchange Commission within 14 days after entry of this Final
21 Judgment.

22      Defendant may transmit payment electronically to the Commission, which will
23 provide detailed ACH transfer/Fedwire instructions upon request. Payment may also
24 be made directly from a bank account via Pay.gov through the SEC website at
25 http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified
26 check, bank cashier's check, or United States postal money order payable to the
27 Securities and Exchange Commission, which shall be delivered or mailed to

28

1   Enterprise Services Center

2   Accounts Receivable Branch

3   6500 South MacArthur Boulevard

4   Oklahoma City, OK 73169

5 and shall be accompanied by a letter identifying the case title, civil action number,

6 and name of this Court; Steven G. Patton as a defendant in this action; and specifying

7 that payment is made pursuant to this Final Judgment.

8       Defendant shall simultaneously transmit photocopies of evidence of payment

9 and case identifying information to the Commission's counsel in this action. By

10 making this payment, Defendant relinquishes all legal and equitable right, title, and

11 interest in such funds and no part of the funds shall be returned to Defendant. The

12 Commission shall send the funds paid pursuant to this Final Judgment to the United

13 States Treasury.

14       The Commission may enforce the Court's judgment for disgorgement and

15 prejudgment interest by moving for civil contempt (and/or through other collection

16 procedures authorized by law) at any time after 14 days following entry of this Final

17 Judgment. Defendant shall pay post judgment interest on any delinquent amounts

18 pursuant to 28 U.S.C. § 1961.

19                                    IV.

20       IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

21 based on Defendant's cooperation in a Commission investigation and related

22 enforcement action, the Court is not ordering Defendant to pay a civil penalty. If at

23 any time following the entry of the Final Judgment the Commission obtains

24 information indicating that Defendant knowingly provided materially false or

25 misleading information or materials to the Commission or in a related proceeding, the

26 Commission may, at its sole discretion and without prior notice to the Defendant,

27 petition the Court for an order requiring Defendant to pay a civil penalty. In

28 connection with any such petition and at any hearing held on such a motion: (a)

1    Defendant will be precluded from arguing that he did not violate the federal securities

2    laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the

3    Judgment, this Consent, or any related Undertakings; (c) the allegations of the

4    Complaint, solely for the purposes of such motion, shall be accepted as and deemed

5    true by the Court; and (d) the Court may determine the issues raised in the motion on

6    the basis of affidavits, declarations, excerpts of sworn deposition or investigative

7    testimony, and documentary evidence without regard to the standards for summary

8    judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  Under

9    these circumstances, the parties may take discovery, including discovery from

10   appropriate non-parties.

                                         V.

12       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the

13   Consent is incorporated herein with the same force and effect as if fully set forth

14   herein, and that Defendant shall comply with all of the undertakings and agreements

15   set forth therein.

                                         VI.

17       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for

18   purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code,

19   11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant,

20   and further, any debt for disgorgement, prejudgment interest, civil penalty or other

21   amounts due by Defendant under this Final Judgment or any other judgment, order,

22   consent order, decree or settlement agreement entered in connection with this

23   proceeding, is a debt for the violation by Defendant of the federal securities laws or

24   any regulation or order issued under such laws, as set forth in Section 523(a)(19) of

25   the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: ____6/15/18,____

_____
THE HON. STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE