Joe R. Correa, Esq. SBN# 157922
Email: joe@thecorreafirm.com
**JOE R. CORREA & ASSOCIATES**
13624 San Antonio Dr.
Norwalk, CA 90650
Telephone: (562) 868-0731
Facsimile: (562) 868-1289

Attorneys for Defendants,
Curative Biosciences, Inc.;
William M. Alverson;
Katherine West Alverson

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# FIRST STREET COURTHOUSE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Curative Biosciences, Inc. f/k/a Healthient, Inc., William M. Alverson, Katherine West Alverson, and Stephen G. Patton,<br><br>　　　　Defendants, and<br><br>Katherine West Alverson, Northeast Capital Group, LLC, and Panacea Holdings, Inc.<br><br>　　　　Relief Defendants. | Case No:   8:18-cv-00925-SVW-E<br><br>**DEFENDANTS ANSWER TO FIRST AMENDED COMPLAINT AND CROSS-CLAIM AGAINST STEVEN G. PATTON**<br><br>DEMAND FOR JURY TRIAL<br><br>[*Honorable Stephen V. Wilson*] |

**TO THE HONORABLE STEPHEN V. WILSON, PLAINTIFF AND ALL INTERESTED PARTIES:**

Subject to and without waiving their objections to venue in this Court, Defendants Curative Biosciences, Inc. ("CBI"), Katherine West Alverson and William M. Alverson (collectively "Defendants") file their Answer to Plaintiff's, Securities and

Exchange Commission's ("SEC") First Amended Complaint ("Complaint" or "FAC") (Doc. # 23) Co and their Cross-Claim against Steven G. Patton ("Patton").

## I.
## ANSWER

1. In answer to the allegations in paragraph 1of the FAC, Defendants deny that this Court has jurisdiction to hear this matter, except as it relates to venue and to the extent that the allegations constitute legal conclusions that do not require a response.

2. In answer to the allegations in paragraph 2of the FAC, Defendants lack sufficient information to and belief to enable them to admit of deny the allegations contained therein, and on that basis, deny, both generally and specifically, in the singular and plural each and every allegation contained therein inasmuch as the allegation is not sufficient specific to identify the related alleged wrongful conduct.

3. In answer to the allegations in paragraph 3of the FAC, Defendants lack sufficient information to and belief to enable them to admit or deny the allegations contained therein, and on that basis, deny, both generally and specifically, in the singular and plural each and every allegation contained therein.  Defendants have asserted that the West Palm Beach, Florida, United States District Court is proper venue.

4. In answer to the allegations in paragraph 4 of the FAC, Defendants deny the allegations, both generally and specifically, contained therein, except that William M. Alverson was, for a period of time, the Chairman of the Board of CBI and Katherine West Alverson, its President and Chief Executive Officer.

5. In answer to the allegations in paragraph 5 of the FAC, Defendants deny, both generally and specifically, the allegations contained therein.

6. In answer to the allegations in paragraph 6 of the FAC, Defendants deny, both generally and specifically, the allegations contained therein.

7.    In answer to the allegations in paragraph 7 of the FAC, Defendants deny, both generally and specifically, the allegations contained therein.

8.    In answer to the allegations in paragraph 8 of the FAC, Defendants deny, both generally and specifically, the allegations contained therein.

9.    In answer to the to paragraph 9 of the FAC, Defendants admit the allegations contained therein.

10.    In answer to the to paragraph 10 of the FAC, Defendants admit the allegations contained therein.

11.    In answer to the allegations in paragraph 11 of the FAC, Defendants lack sufficient information to and belief to enable them to admit of deny the allegations contained therein, and on that basis, deny, both generally and specifically, in the singular and plural each and every allegation contained therein inasmuch as Patton has had numerous residences during the times referred to in the FAC.

12.    In answer to the to paragraph 12 of the FAC, Defendants admit the allegations contained therein.

13.    In answer to the allegations in paragraph 13 of the FAC, Defendants deny the allegations, both generally and specifically, contained therein, except that Katherine West Alverson was a stakeholder in Northeast Capital Group, LLC.

14.    In answer to the allegations in paragraph 14 of the FAC, Defendants deny the allegations, both generally and specifically, contained therein, except that Katherine West Alverson was a stakeholder in Panacea Holdings, Inc.

15.    In answer to the allegations in paragraph 15 of the FAC, Defendants lack sufficient information to and belief to enable them to admit of deny the allegations contained therein, and on that basis, deny, both generally and specifically, in the singular and plural each and every allegation contained therein.

16.    In answer to the allegations in paragraph 16 of the FAC, Defendants lack sufficient information to and belief to enable them to admit of deny the allegations contained therein, and on that basis, deny, both generally and specifically, in the

singular and plural each and every allegation contained therein.

17. In answer to the allegations in paragraph 17 of the FAC, Defendants deny, both generally and specifically, the allegations contained therein.

18. In answer to the allegations in paragraphs 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37. 38. 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57. 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, and 82 and of the FAC, Defendants deny, both generally and specifically, the allegations contained therein.

19. In answer to the allegations in paragraphs 83 and of the FAC, Defendants deny, both generally and specifically, the allegations contained therein. The Statute of Limitations period and time within with an action should have been brought on the transactions that the SEC alleges is wrongful expired prior to the filing of the original Complaint, and, therefore, are time barred.

20. In answer to the allegations in paragraphs 86, 87, 89, 90, 91, 92, 94, 95, 96, 98, 99, 100, 102, 103 and 104 of the FAC, Defendants deny, both generally and specifically, the allegations contained therein.

21. In answer to the allegations in paragraphs 84, 88, 93, 97 and 101 of the FAC, Defendants incorporate by reference each and every response contained in paragraphs 1 through 20, above, as though set forth in full herein in response to the referenced paragraphs.

## II

## AFFIRMATIVE DEFENSES

22. Without assuming the burden or proof for such defenses they would not otherwise have, Defendants assert the following affirmative defenses:

### First Affirmative Defense

The FAC, and each claim alleged therein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Plaintiff's claims are barred because the FAC was filed after the deadline for filing an action under 15 U.S.C. § 78d-5 and the Commission's investigation was not sufficiently complex such that a determination regarding the filing of an action against a person could not be completed within the deadline specified in paragraph (1) of 15 U.S.C. § 78d-5. Further, the Complaint was filed after the applicable Statute of Limitation expired and is time barred or subject to laches and unclean hands.

### Third Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, because Defendants acted in good faith at all material times and in conformity with all applicable federal statutes, including the Securities Act and Exchange Act, and all applicable rules and regulations promulgated thereunder.

### Fourth Affirmative Defense

The Plaintiff's claim for injunctive relief is barred because, inter alia, there has been no violation of the Securities Act or the Exchange Act, and because there is no reasonable likelihood that any violation will be repeated. The Plaintiff's injunctive relief claim is further barred because the adverse effects of an injunction far outweigh any benefit from an injunction.

### Fifth Affirmative Defense

The Plaintiff's claim for penalties is barred because, inter alia, any alleged violation was isolated and/or unintentional.

### Sixth Affirmative Defense

The Plaintiff's claim for disgorgement is barred because, inter alia, Defendants never received any ill-gotten profits or direct economic gains as a result of any of the

actions alleged in the FAC.

### Seventh Affirmative Defense

The Plaintiff's claim for an officer and director bar is barred because, inter alia, there has been no violation of the Securities Act or the Exchange Act and because Katherine West Alverson is not unfit to serve as an officer or director of a public company.

### Eighth Affirmative Defense

The Plaintiff is precluded from pursuing a claim for civil penalties pursuant to Section 20(d) of the Securities Act and Sections 21(d)(3) and 21A(a) of the Exchange Act because those penalties are not available for the conduct charged in the FAC. Defendants hereby gives notice that they intend to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves all rights to amend this Answer and all such defenses.

### Ninth Affirmative Defense

The Plaintiff's claims are barred under the doctrine of collateral estoppel and res judicata.

### PRAYER FOR RELIEF

**WHEREFORE**, Defendants respectfully request that the Court enter an Order:

1. Entering judgment in favor of Defendants and against the Plaintiff on all alleged claims for relief;
2. Dismissing the First Amended Complaint with prejudice;
3. Granting such other and further relief as the Court deems just and proper.

### III.
### CROSS-CLAIM

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Cross-Claimants, Curative Biosciences, Inc. ("CBI"), Katherine West Alverson (West) and William M. Alverson ("Alverson") (collectively "Cross-Claimants") file this Cross-Claim against Steven G. Patton ("Patton") and allege as follows:

1. This cross claim arises out of the transactions and occurrences that are the subject matter of Plaintiff's First Amended Complaint ("FAC").

2. This Court has jurisdiction over this cross-claim and the parties to it under 28 U.S.C. 1331 and Fed. R. of Civ. Proc. Rule 13.

3. Venue is proper in this district as this Court has ruled that the Central District is proper venue. Cross-Claimants believe that the District Court in West Palm Beach, Florida is proper venue.

### FIRST CAUSE OF ACTION FOR INDEMNITY AGAINST DEFENDANT/CROSS-DEFENDANT STEVEN G. PATTON

4. The claims and allegations made by the SEC and contained in the FAC were proximately caused by Patton and his conduct and machinations. Patton was fully aware of the transactions and transfers of the stock at issue.

5. Patton instructed Cross-Complainants to perform the transactions that the SEC now claims are improper.

6. Cross-Claimants have suffered damages as a result of Patton's conduct, including attorney's fees and losses. Moreover, the damages/penalties sought by the SEC against Cross-Claimants.

7. Cross-Claimants are entitled to indemnity and contribution from Patton as a result of his wrongful and/or illegal conduct.

8. Patton profited from the transactions that the SEC has alleged is improper or illegal.

**WHEREFORE**, Defendants/Cross-Claimants prayer for relief and judgment as

follows:

1. That Patton indemnify Cross-Claimants for any relief imposed upon Cross-Complainants;

2. That Patton be ordered to contribute to the damages sought by Plaintiff against Defendants/Cross-Claimants.

3. Award of reasonable attorney's fees and costs incurred to defend the underlying action by Plaintiff.

4. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Defendants demand a trial by jury on all triable issues.

Respectfully submitted,

Dated: February 18, 2019          **LAW OFFICES OF JOE R. CORREA & ASSOCIATES**

By:   */s/ Joe R. Correa*
      Joe R. Correa, SBN # 157922
      joe@thecorreafirm.com
      Attorneys for Defendants,
      Curative Biosciences, Inc.,
      Katherine West Alverson
      William M. Alverson

8
Answer to First Amended Complaint & Cross-Claim
Case No. 8:18-cv-00925-SVW-E