JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

    vs.

CURATIVE BIOSCIENCES, INC.
F/K/A/ HEALTHIENT, INC.,
WILLIAM M. ALVERSON,
KATHERINE WEST ALVERSON,
AND STEVEN G. PATTON,

       Defendants, and

KATHERINE WEST ALVERSON,
NORTHEAST CAPITAL GROUP, LLC,
AND PANACEA HOLDINGS INC,

      Relief Defendants.

Case No. 8:18-cv-00925-SVW-E

**FINAL JUDGMENT**

This matter comes before the Court after a  jury found Defendants Curative Biosciencies, Inc. f/k/a as Healthient, Inc., William M. Alverson and Katherine West Alverson (collectively, "Defendants") liable after a trial and upon Plaintiff Securities and Exchange Commission's motion for a default judgment against Relief Defendants Northeast Capital Group, LLC and Panacea Holdings Inc. (collectively, "Relief Defendants"):

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Curative Biosciencies, Inc. f/k/a as Healthient, Inc., William M. Alverson and Katherine West Alverson are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)   Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)   Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)   Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants William M. Alverson and Katherine West Alverson are permanently restrained and enjoined from, directly or indirectly, including but not limited to, through an entity owned or controlled by William M. Alverson or Katherine West Alverson, participating in the issuance, purchase, offer, or sale of any security, provided, however, that such injunction shall not prevent William M. Alverson or Katherine West Alverson from purchasing or selling securities listed on a national exchange for his or her own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants William M. Alverson and Katherine West Alverson's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants William M. Alverson and Katherine West Alverson or with anyone described in (a).

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] , Defendants William M. Alverson and Katherine West Alverson are prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

### V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants William M. Alverson and Katherine West Alverson are permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to

3

induce the purchase or sale of any penny stock.  A penny stock is any equity security
that has a price of less than five dollars, except as provided in Rule 3a51-1 under the
Exchange Act [17 C.F.R. 240.3a51-1].

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that
Defendants William M. Alverson and Katherine West Alverson are liable, jointly and
severally, for disgorgement of $654,630, representing profits gained as a result of the
conduct established at trial, together with prejudgment interest thereon in the amount
of $193,221.82.  Of these amounts, Relief Defendant Northeast Capital Group LLC is
liable, jointly and severally with Defendants William M. Alverson and Katherine West
Alverson, for disgorgement of $611,420, together with prejudgment interest thereon in
the amount of $180,468, and Relief Defendant Panacea Holdings Inc. is liable, jointly
and severally with Defendants William M. Alverson and Katherine West Alverson, for
disgorgement of $43,210, together with prejudgment interest thereon in the amount of
$12,754.  In addition, Defendants William M. Alverson and Katherine West Alverson
are each liable for a civil penalty in the amount of $640,000 pursuant to Section 20(d)
of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15
U.S.C. § 78u(d)(3).

Each Defendant or Relief Defendant shall satisfy his, her, or its obligations as
described in this paragraph by paying the total amount for which he, she or it is liable
to the SEC within 14 days after entry of this Final Judgment.

Each Defendant or Relief Defendant may transmit payment electronically to the
SEC, which will provide detailed ACH transfer/Fedwire instructions upon request.
Payment may also be made directly from a bank account via Pay.gov through the SEC
website at http://www.sec.gov/about/offices/ofm.htm.  Each Defendant or Relief
Defendant may also pay by certified check, bank cashier's check, or United States
postal money order payable to the Securities and Exchange Commission, which shall
be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendant's or Relief Defendant's name as a defendant or relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant or Relief Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, the Defendant/Relief Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The SEC shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The SEC may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further

benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the SEC directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants William M. Alverson or Katherine West Alverson by or on behalf of one or more investors based on substantially the same facts as alleged in the First Amended Complaint in this action.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the first amended complaint are true and admitted by Defendants and Relief Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants or Relief Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants and Relief Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

1

### IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:   October 26, 2020

HON. STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE